UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TYRA DANYAL CASTILLO,<br><br>                          Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                          Respondent. | Case No.: 4:18-CR-0068-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant-Petitioner Tyra Danyal Castillo's *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Dkt 42. The Government did not respond.

Castillo styled her motion as one to allow her to file a direct appeal after fourteen days after the entry of judgment. However, "[a] document filed *pro se* is to be liberally construed . . . ." *Erickson v. Pardus*, 551 U.S. 89, 94, (2007) (internal quotation marks and citation omitted); *see also* Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice"). Thus, although Castillo did not style her motion as such, the Court construes Castillo's motion as one made pursuant to 28 U.S.C. § 2255.

## II. BACKGROUND

On February 25, 2019, Castillo was sentenced to 137 months imprisonment, followed by 3 years of supervised release and a special assessment of $100. Dkt. 36. Judgment was entered that same day. Dkt. 37. No direct appeal was filed.

On July 29, 2019, Petitioner filed the pending § 2255 motion.

## III. TIMELINESS OF PETITION

Under the applicable statute of limitations, a § 2255 motion must be brought within one year after judgment of conviction becomes final unless the motion has been statutorily tolled according to 28 U.S.C. § 2255(f)(2)–(4). A judgment of conviction becomes final when it "has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari denied." *United States v. Schwartz,* 274 F.3d 1220, 1223 (9th Cir. 2001). In a case where there is no direct appeal, a judgment of conviction becomes final fourteen days after the entry of judgment. Fed. R. App. P. 4(b). Petitioner's judgment became final on March 11, 2019, and she filed her § 2255 motion on July 29, 2019. Her § 2255 motion is timely filed.

## IV. STANDARD OF REVIEW

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; (3) "that the sentence was in excess of the maximum authorized by law"; and (4) that the sentence is otherwise "subject to collateral attack."

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a federal district court judge may summarily dismiss a § 2255 motion "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." If the Court does not summarily dismiss pursuant to

Rule 4(b), the Court shall order the Government "to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate."

## V. DISCUSSION

Castillo in essence claims her counsel was ineffective because he did not file an appeal upon her request. Based on her motion, the Court surmises that she is asking for her sentence be set aside and that she be resentenced so she can timely appeal or, in the alternative, that the Court hold an evidentiary hearing on this issue.

"An attorney's failure to file an appeal where there is clear instruction by the defendant to do so establishes deficient performance and prejudice even if there is a valid appeal waiver[.]" *Huitran-Barron v. United States*, No. 4:16-CR-175-BLW, 2018 WL 5983560, at *3 (D. Idaho Nov. 13, 2018) (internal citations omitted). As the Supreme Court explained in *Roe v. Flores–Ortega*, 528 U.S. 470, 477 (2000), "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." "The prejudice in failure to file a notice of appeal cases is that the defendant lost [her] chance to file the appeal, not that [she] lost a favorable result that [she] would have obtained by appeal." *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1197 (9th Cir. 2005). This is true even if a defendant waived her right to file a direct appeal in her plea agreement. *See id.* ("[A] valid appeal waiver does not prevent a movant from establishing prejudice); *see also Sandoval-Lopez*, 409 F.3d 1193. A defendant also need not show her appeal is likely to have merit. *United States v. Peguero,* 526 U.S. 23, 28 (1969). As the Ninth Circuit stated, "this proposition may amount to saying 'it is ineffective

assistance of counsel to refuse to file a notice of appeal when your client tells you to, even if doing so would be contrary to the plea agreement and harmful to your client,' but that is the law[.]" *Sandoval-Lopez*, 409 F.3d at 1197.

If there is a dispute between the parties as to whether a petitioner did or did not ask her trial counsel to file an appeal, the court is required to hold an evidentiary hearing. *See Sandoval-Lopez*, 409 F.3d at 1198 ("We are compelled to conclude that the district court needs to hold an evidentiary hearing to determine whether Sandoval-Lopez really did tell his lawyer to appeal and his lawyer refused though Sandoval-Lopez demanded it.").

Given the posture of this case, the Government is left with two options. First, the Government can oppose Castillo's claim and the Court will hold an evidentiary hearing to determine whether Castillo's allegation is true. *Huitran-Barron*, No. 4:16-CR-175-BLW, 2018 WL 5983560, at *3 (D. Idaho Nov. 13, 2018). If the Government chooses to proceed with an evidentiary hearing, the Court will set a date for that hearing, solely to determine whether Castillo instructed her trial counsel to file an appeal and, if so, whether counsel ignored or refused that instruction. If the Court sets an evidentiary hearing, it will appoint counsel to represent Castillo for the § 2255 proceeding. Rule 8(c) of the Rules Governing Section 2255 Proceedings in the United States District Courts, 28 U.S.C. foll. § 2255; *see also United States v. Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995) ("All of the circuits that have discussed the issue agree that the rule makes the appointment of counsel mandatory when evidentiary hearings are required."). If the Court finds Castillo's allegation is true, the Court will vacate and reenter judgment so that she can file a timely

notice of appeal. *Huitran-Barron*, No. 4:16-CR-175-BLW, 2018 WL 5983560, at *3. If the allegation is untrue, Castillo will not be entitled to relief on this claim. *Id*.

Alternatively, the Government can choose not to oppose Castillo's motion and let her appeal. *Id*. If the Government chooses this option, the Court will vacate and re-enter the judgment without a hearing and allow the appeal to proceed, assuming without deciding that Castillo's claim that she instructed her counsel to appeal, and that her counsel refused or ignored her request, is true. *Id*.

The Government shall advise the Court by December 2, 2019 how it would like to proceed, pursuant to *United States v. Sandoval-Lopez*, 409 F.3d 1193 (9th Cir. 2005).

## VI. ORDER

It is HEREBY ORDERED:

1. The Government advise the Court by **December 2, 2019**, whether it opposes Petitioner's § 2255 proceeding.

2. The Clerk of the Court is instructed to open a civil case as if Petitioner's motion (Dkt. 42) was submitted as a motion pursuant to 28 U.S.C. § 2255.

DATED: November 19, 2019

David C. Nye
Chief U.S. District Court Judge